Joshua Trigsted
Oregon State Bar ID Number 06531
Trigsted Law Group, P.C.
5200 SW Meadows Rd, Ste 150
Lake Oswego, OR 97035
503-376-6774, ext. # 216
866-927-5826  facsimile
jtrigsted@attorneysforconsumers.com
Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **CRYSTAL ARELLANO**,<br><br>Plaintiff,<br><br>vs.<br><br>**IQ DATA INTERNATIONAL, INC.**,<br><br>Defendant. | Case No.:  3:12-cv-1433<br><br>**COMPLAINT;**<br><br>FAIR DEBT COLLECTION PRACTICES ACT (15 USC § 1692a, *et seq.*);<br><br>DEMAND FOR JURY TRIAL |

## I.  INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA").

## II.  JURISDICTION

2. Plaintiff's claim for violations of the FDCPA arises under 15 U.S.C. § 1692k(d), and therefore involves a "federal question" pursuant to 28 USC § 1331.

## III.  PARTIES

3. Plaintiff, Crystal Arellano ("Plaintiff"), is a natural person residing in

Washington County, Oregon.

4.     Defendant, IQ Data International, Inc., ("Defendant") is a corporation engaged in the business of collecting debts by use of the mails and telephone. Defendant regularly attempts to collect debts alleged due another.

## IV.  FACTUAL ALLEGATIONS

5.     Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

6.     Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

7.     All activities of Defendant set out herein were undertaken in connection with the collection of a "debt," as defined by 15 USC § 1692a(5).

8.     Within the last year, Defendant took multiple actions in an attempt to collect a debt from Plaintiff. Defendant's conduct violated the FDCPA in multiple ways, including the following.

9.     Communicating or threatening to communicate credit information which is known or which should be known to be false, including failing to report a disputed debt as such when reporting to a credit bureau. Defendant began collecting this debt in 2010, and Plaintiff first made Defendant aware of her dispute then. Defendant has been reporting the debt since, and for much of the time has failed to mark the debt as disputed when reporting (§ 1692e(8)).

10.    Using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff, including reneging on a settlement offer.

Plaintiff spoke with a representative of Defendant on or about May 8, 2012, who told her that Defendant would settle the debt for $500. Defendant did not give a deadline for the settlement and implied that it would last a reasonable amount of time (§ 1692e(10)).

11. In connection with collection of a debt, using language the natural consequence of which was to abuse Plaintiff, including on or about May 18, 2012, using abusive language during the conversation in which Defendant refused to accept the $500 settlement they had offered approximately 10 days earlier (§ 1692d(2)).

12. Where Defendant had not yet made an attempt to contact Plaintiff's counsel or had not given Plaintiff's counsel sufficient time to respond to the initial attempt to communicate with Plaintiff's counsel, and where Plaintiff's counsel had not given Defendant permission to contact Plaintiff directly, communicating with Plaintiff directly after learning that Plaintiff is being represented by counsel. On or about 7/16/12, Defendant called Plaintiff's telephone number regarding the debt and purporting to speak with the co-debtor on the account, but the call was regarding the debt for which Plaintiff had obtained representation (§ 1692c(a)(2)).

13. As a result of the aforementioned violations, Plaintiff suffered and continues to suffer injuries to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and severe emotional distress.

14. Defendant intended to cause, by means of the actions detailed above, injuries to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and severe emotional distress.

15.     Defendant's actions, detailed above, were undertaken with extraordinary disregard of, or indifference to, known or highly probable risks to purported debtors.

16.     To the extent Defendant's actions, detailed in paragraphs above, were carried out by an employee of Defendant, that employee was acting within the scope of his or her employment.

## COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

17.     Plaintiff reincorporates by reference all of the preceding paragraphs.

18.     The preceding paragraphs state a *prima facie* case for Plaintiff and against Defendant for violations of the FDCPA, §§ 1692c, 1692d, and 1692e.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A.      Declaratory judgment that Defendant's conduct violated the FDCPA;

B.      Actual damages pursuant to 15 USC 1692k;

C.      Statutory damages pursuant to 15 U.S.C. § 1692k;

D.      Costs, disbursements and reasonable attorney's fees for all successful claims, and any unsuccessful claims arising out of the same transaction or occurrence as the successful claims, pursuant to 15 U.S.C. § 1692k; and,

E.      For such other and further relief as may be just and proper.

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

Dated this 8th day of August, 2012.

By: ___s/Joshua Trigsted_____
Joshua Trigsted
Trigsted Law Group, P.C.
5200 SW Meadows Rd, Ste 150
Lake Oswego, OR 97035
503-376-6774, ext. # 216
866-927-5826 facsimile
Attorney for Plaintiff